[No. 5645. Decided September 28, 1905.]

DELL STUART, *Appellant,* v. PIERCE COUNTY, *Respondent.*[1]

ESTOPPEL—STALE CLAIM—LACHES IN ASSERTING UNRECORDED RIGHT TO PURCHASE-MONEY LIEN—KNOWLEDGE OF SUIT AND ACQUIESCENSE IN JUDGMENT — BONA FIDES OF 'CLAIM — EVIDENCE — SUFFICIENCY. The owner of an undisclosed title to a claim for a purchase-money lien upon real estate, is guilty of laches, which will bar a recovery as upon a stale claim, where he had knowledge of expensive litigation by the county against the apparent owners of record, in which it was adjudged that the land had escheated to the county, and asserted no claim, during the pendency of the suit, or for more than five years after the suit was commenced, especially where there was evidence showing that the claim for a lien was not *bona fide*.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 27, 1904, upon findings in favor of the defendant, after a trial before the court without a jury, dismissing on the merits an action to foreclose a purchase-money lien upon real estate. Affirmed.

*John C. Stallcup* and *J. W. A. Nichols,* for appellant.
*Charles O. 'Bates* and *B. F. Jacobs,* for respondent.

DUNBAR, J.—This was an equitable cause, brought by the appellant for the foreclosure of an alleged purchase-money mortgage lien upon a four-acre tract of land in the

[1]Reported in 82 Pac. 270.

city of Tacoma. It is alleged that, on the 8th day of August, 1891, one Anna Van Ogle and her husband, then being seized in fee of the interest, right, and estate which one George Washington had held in certain described premises, conveyed the same to Seymour R. Allen, and that the grantors reserved a lien on the property conveyed for the payment of the purchase price of $15,000; that Allen subsequently died, seized of the said tract of land, subject to the said lien for .$15,000; and that, by deed of conveyance and assignments, the plaintiff is now, and for the last past nine years has been, the holder and owner of the said in-debtedness and lien of $15,000 against said premises; that no part of the same has been paid except certain small sums aggregating $100; alleged that the county of Pierce claims right and title to said four-acre tract of land; and prayed for judgment and decree of foreclosure, and that the county's claim of right be held for naught. The county of Pierce denied the principal allegations of the complaint; alleged that the statute of limitations had run upon appellant's claim, if it ever existed; that, in a certain action, No. 16,610, in Pierce county, Washington, in the year 1897, it was decreed that the said tract of land was the property of Pierce county. Upon the trial of the cause, judgment was entered in favor of the respondent Pierce county.

It was admitted upon the trial, and is asserted in the briefs, that the original source of title, so far as these litigants are concerned, was in one George Washington. The court found that, in September, 1871, George Washington executed his power of attorney to one Mathews, empowering the said Mathews to make conveyance for him, and in his name, of the above described lands; that thereafter the said George Washington, by his said attorney Mathews, conveyed the above described lands to one George Luviney, which conveyance bears date the 24th day of March, 1873. It may be stated parenthetically that Luviney afterwards died, intestate and without heirs, and that the land escheated eventually to

the county of Pierce; at least, that was the decree of the court of which we have spoken.

It was also found that, at the time of the said action No. 16,610, the apparent owners of record of the lien, by plaintiff sought to be foreclosed in this action, were Frank B. Weistling and Anna E. Weistling, his wife, both of whom were personally served with due process in said cause, and defaulted therein; that the plaintiff herein, Dell Stuart, was not a party to said cause, but knew of the same, was fully advised of its nature and object, and of the judgment rendered in said cause, and did not disclose that he was then the owner of any interest whatever in the lands involved in that action; that he has offered no excuse, reason, or explanation why, if at the time said action was begun by said county of Pierce he was the owner of the lien in this action sought to be foreclosed, he did not disclose said ownership at said time, and protect his rights and interest in said cause, if any such he had; that upon the trial of this cause, there was no evidence introduced by the plaintiff or the defendant that in any way impeached or questioned the regularity or validity of the power of attorney from Washington to Mathews, and the deed from Washington, by said attorney, to Luviney; that Anna Van Ogle, at the time said conveyance from Washington to her was executed, the conveyance being one upon which the appellant in this case bases his right of action, did not understand that she was buying the particular tract of land herein described; that at said time Washington did not claim to her to be the owner of said tract; that, when conveyance of said tract of land was made by her to said Seymour R. Allen, and the lien reserved to her in the body of said deed, there was no consideration whatever therefor, and that no such lien in fact existed, and that no such lien was reserved to her; that, when said pretended lien was, by her and her husband, assigned to Frank B. Weistling, there was no consideration whatever for said assignment;

that, when said pretended lien was assigned to Weistling, and from Weistling to Gustin, there was no consideration whatever for said pretended assignment; that, when said pretended lien was assigned from Gustin to Dell Stuart, there was no consideration whatever for said assignment; that there were no *bona fides* in said lien at any time; and that Dell Stuart, the plaintiff herein, was the party who, as attorney, caused this lien to be reserved in said first deed, and these various assignments of the same from Mrs. Van Ogle through Weistling, Gustin, and back to himself, and knew all the time that no such lien in fact existed, and that there was no consideration for the lien itself, or any of the said pretended assignments, and was the attorney who caused the same to be made.

The court also found that there was no satisfactory evidence of any payments upon any lien which would save it from the operation of the statute of limitations; that the owners of record of said lien, at the time said action was begun by Pierce county against Van Ogle, Gustin and others, in the superior court, on the 4th day of December, 1897, were parties to said action and bound thereby; and that plaintiff, Dell Stuart, is bound by said action, for the reason that, if any such lien existed and had been assigned to him, he was the owner of an unrecorded title thereto, which instrument of title was recorded subsequently to the 29th day of March, 1898, the date when said plaintiff in said action of Pierce county filed its notice of *lis pendens,* giving notice of the pendency of the action involving the title of said county to the land herein described; and that the appellant was furnished with a copy of the complaint in said cause, and knew that the owners of record of the lien he is now seeking to foreclose were parties to said cause, and asserted no right to said lien upon the same; knew of the judgment rendered in said cause, and made no motion to vacate, modify, or set aside the same, and

did not appeal therefrom; has stood by and suffered the
same to be made without protest, and has allowed a period
of nearly five years to intervene without any reason shown
therefor, before questioning the same in any manner, and
then not in a direct proceeding to vacate or modify the
same, but in a collateral way; and has been guilty of laches
in neglecting and failing to assert his rights to the lien
in question, if any such rights he ever had, and ought not
to be heard to do so in this action. The conclusions of
law followed correctly the facts found by the court, wherein
it was held that the plaintiff in this action was estopped
from bringing the action, and the title of the defendant
Pierce county to the lands described in the plaintiff's com-
plaint was held to be good and valid.

The record in this case is somewhat voluminous, but we
are satisfied from an examination of it that the findings
of the court were fully justified. That being true, there
seem to be no law propositions upon which a discussion would
be pertinent. Courts of equity do not look with favor upon
the prosecution of stale claims. In this cause, the plaintiff,
with an undisclosed title, assuming that the lien ever ex-
isted in reality, stood by with knowledge of the prosecution
of an expensive litigation on the part of the county, and
those who, he claims, had assigned to him this lien, saw
the litigation proceed to judgment, made no effort to vacate
the judgment, and now brings this action, after nearly five
years from the rendition of the same. We are not aware
of any law which would sustain him in such a proceeding,
and think, with the court, that he should now be estopped,
in all good conscience, from prosecuting this claim. We
are also of the opinion, from the record, that there never
was any *bona fide* lien in existence, and that the Van Ogles,
from whom appellant claims title, never understood that
they had claim of title or right to this land, or any lien
thereon, and that the true condition of the claim was shown

to, and understood by, the appellant, at the time that he alleges he purchased such alleged claim.

Upon the whole record, the judgment is affirmed.

Mount, C. J., Crow, Hadley, Root, and Fullerton, JJ., concur.